1

2

3

4

5

6               UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                      AT SEATTLE

8   JAVIER ZENDEJAS-VAZQUEZ,

9                          Petitioner,          Case No. C25-1609-RAJ-SKV

10        v.

                                                REPORT AND RECOMMENDATION
11  LAURA HERMOSILLO, *et al.*,

12                         Respondents.

13

14        On August 19, 2025, Petitioner Javier Zendejas-Vasquez filed a *pro* se petition for writ of

15  habeas.  Dkt. 1.  Petitioner was at that time in the custody of U.S. Immigration Customs and

16  Enforcement ("ICE") and was being detained at the Northwest ICE Processing Center

17  ("NWIPC") in Tacoma, Washington.  *See id.*  Petitioner asserted in his petition that he was

18  entitled to release under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because his detention, which at

19  that point had exceeded 18 months, was no longer justified.  *See* Dkt. 5 at 1-2.  At the time

20  Petitioner filed this action, he had been ordered removed by an immigration judge but had a

21  petition for review pending with the Ninth Circuit Court of Appeals.  *See id.* at 5; *Zendejas*

22  *Vazquez v. Bondi*, No. 24-5366 (9th Cir. filed Sept. 3, 2024).

23

REPORT AND RECOMMENDATION
PAGE - 1

1    Respondents filed a return on October 10, 2025, in which they argued that Petitioner was

2  being lawfully detained pursuant to 8 U.S.C. § 1226(a), and that he had not demonstrated his

3  continued detention violated his due process rights.  *See* Dkt. 12 at 5-9.  Respondents also noted

4  that Petitioner could not be removed at that time because the Ninth Circuit had issued a stay of

5  removal pending resolution of Petitioner's then pending petition for review of his removal order.

6  *Id*. at 4.

7    On October 14, 2025, the Ninth Circuit dismissed Petitioner's petition for review and

8  lifted the stay of removal.  *See Zendejas-Vazquez*, No. 24-5366, Dkt. 23.  And, on November 25,

9  2025, Respondents filed a status update advising that Petitioner was removed from the United

10  States to Mexico on November 19, 2025.  *See* Dkts. 18, 19.  Respondents assert that Petitioner's

11  federal habeas claim is now moot as he is no longer in ICE custody.  *See id.*

12    Under Article III of the U.S. Constitution, federal courts may adjudicate only actual,

13  ongoing cases or controversies.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  "For a habeas

14  petition to continue to present a live controversy after the petitioner's release or deportation . . .

15  there must be some remaining 'collateral consequence' that may be redressed by success on the

16  petition."  *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).  Because Petitioner's federal

17  habeas petition sought only release from detention, and because Petitioner has now been released

18  from ICE custody and removed from the United States, his habeas claim has been fully resolved.

19  *See id.* at 1065.  Accordingly, there is no collateral consequence that could be redressed by the

20  Court, and Petitioner's habeas petition is therefore moot. *See id.*

21    Based on the foregoing, this Court recommends that Petitioner's federal habeas petition

22  (Dkt. 5) and this action be DISMISSED as moot.  The Court further recommends that

23

REPORT AND RECOMMENDATION
PAGE - 2

1  Respondents' return (Dkt. 12) be STRICKEN as moot.  A proposed Order accompanies this

2  Report and Recommendation.

3      Objections to this Report and Recommendation, if any, should be filed with the Clerk and

4  served upon all parties to this suit not later than **fourteen (14) days** from the date on which this

5  Report and Recommendation is signed.  Failure to file objections within the specified time may

6  affect your right to appeal.  Objections should be noted for consideration on the District Judge's

7  motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

8  be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be

9  ready for consideration by the District Judge on **December 17, 2025**.

10      DATED this 26th day of November, 2025.

11

12                                    S. KATE VAUGHAN

13                                    United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3